UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

                                      Case No. 1:06-cr-093

-v-

                                      HONORABLE PAUL L. MALONEY

MICHAEL JAMES HINOJOSA,
          Defendant.

OPINION SUSTAINING IN PART DEFENDANT'S OBJECTION TO GOVERNMENT'S DESCRIBED RES GESTAE EVIDENCE

In its trial brief (Dkt. No. 56), the Government states its intention to introduce "res gestae" evidence. This proposed evidence has two sources:

1. Email chat "conversation" that the defendant allegedly had with undercover Canadian authorities and

2. The Defendant's statement, given under *Miranda*.

In the chat room exchanges, defendant describes the onset of the molestation history of his 13 year old daughter (in 2006) who is depicted in video clips transmitted to the undercover officers as engaging in sexually explicit conduct with defendant. Defendant asserts in his chat conversation that he started to molest his daughter when she was age eight.

Defendant's statement to agents of ICE (Immigration and Customs Enforcement) details his illicit relationship with his daughter and includes an admission that he had engaged in oral sex acts with her approximately 50 times over a five year period.

The Prosecutor generally justifies the admissibility of the evidence as part of the "res gestae", putting the conduct of the victim in the videos in context because she appears sexually

sophisticated and her actions voluntary, in spite of her young age.  The Government's secondary argument is that the evidence is proper evidence under Fed. R. Evidence 404(b).

The Government's trial brief was filed on October 1, 2007.  The possibility that this evidence would be introduced was raised and discussed at the final pretrial conference on October 1, 2007.  After a discussion of the legal issues, this Court afforded Defendant an opportunity to file an objection to the evidence by Friday, October 5, and the government an opportunity to respond to any motion by Tuesday, October 9, 2007.

I.  LEGAL FRAMEWORK

Defendant Hinojosa filed a Memorandum in Opposition to Government's Proposed Res Gestae Evidence (Dkt. No. 63) on October 4, 2007.  The Prosecutor filed his response on October 9.  The Court has read the briefs and finds additional oral argument unnecessary.

"Res Gestae" has been described by one evidence treatise as a "mind numbing and elastic" term which pretends much but means little. *See* C. Mueller & L. Kirkpatrick, Federal Evidence, § 4.33 at 809 (3rd Ed.).  Background or res gestae evidence does not implicate Rule 404(b).  *United States v. Hardy*, 228 F.3d at 745.748 (6th Cir. 2000); *United States v. Barnes*, 49 F.3d at 1144.1149 (6th Cir. 1995); (distinguishing between intrinsic acts that are "inextricably intertwined" with the charged offense and extrinsic acts which occurred at a different time and under different circumstances). *See also United States v. Stafford*, 198 F.3d 248 (6th Cir. 1999) (unpublished table opinion).  "Proper background evidence has a causal, temporal or spatial connection with the charged offense.  Typically such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense."  *Hardy*, 229 F.3d at 748.  *See also United States v. Thomas*, 223 Fed.App'x 447,454

(6th Cir. 2007) (upholding as background evidence admission of testimony by a police officer who recognized the defendant in a bank video because the officer had ten encounters with the defendant over a four month period and noting the officer did not testify that the encounters arose from criminal activity); *United States v. Johnson*, 182 Fed.App'x 423, 429-430 (6th Cir. 2006) (upholding as background evidence admission of testimony by a co-conspirator about statements made by the defendant concerning a prior bank robbery that was not a charged offense because the conversation established the basis for recruiting the co-conspirator into the charged conspiracy); *United States v. Till*, 434 F.3d 880, 883-884 (6th Cir. 2006) (upholding as background evidence admission of uncharged evidence of drug possession as explaining why the defendant would have knowing possession of a firearm); *United States v. Toro*, 133 Fed.App'x 181, 186-187 (6th Cir. 2005) (upholding as background evidence admission of testimony about witness's drug dealings prior to the charged conspiracy with one of the defendants because the testimony established how the witness came to know the defendant and how the heroin dealing relationship began).

When the evidence of other crimes or wrongs demonstrate a continuing pattern of illegal activity, Rule 404(b) is not implicated. *Barnes*, 49 F.3d at 1149. The required connection between res gestae evidence and the charged offense imposes severe limitations on the admission of background evidence and, when properly analyzed, is not an open ended invitation to admit any evidence of a prior bad act. *Hardy*, 228 F.3d at 749.

In *United States v. Gonzalez*, __ F.3d __, 2007 WL 2437981 (6th Cir. 2007) the court admitted statements of a co-conspirator concerning instances in which defendant had driven the co-conspirator to drug deals which were not part of the indictment. 2007 WL 2437981 at * 6. The Sixth Circuit found the evidence would have been admissible, but for plaintiff's failure to

provide required notice of 404 (b) evidence. *Id.* at * 7. The court further found that any error was harmless because the evidence established a continuing pattern of illegal activity that was intrinsic to the charged offense and was thus properly considered res gestae evidence. *Id.* at * 9. The court recognized the other acts took place in the months leading up to the charged offense, all involved defendant driving a car to facilitate the co-conspirator's drug dealing, and the prior acts served as a necessary predicate for the charged offense because they permitted defendant to learn the basics of the drug trade. *Id.*

In *Hardy*, the court admitted evidence about drug transactions which occurred six years before the charged conspiracy. 228 F.3d at 747. The court gave the jury a limiting instruction that the evidence should only be used as background information to explain how certain individuals were acquainted with each other. *Id.* The Sixth Circuit found the trial court failed to analyze the evidence as res gestae evidence and, if it had, the evidence would have been excluded. *Id.* at 749. The court concluded the evidence was not necessary to explain the charged offense, complete the narrative or establish the charged conspiracy. *Id.* at 749-750. The court then concluded the evidence should not have been admitted under 404(b), even though the district court did not perform the three-step analysis. *Id.* at 750-751. The court ultimately held no reversal was warranted because of the overwhelming evidence against the defendant. *Id.* at 751.

In *Barnes*, the district court admitted testimony by a former cell mate of one of the defendants. 49 F.3d at 1446. The defendants were charged with receiving drugs through the mail and the former cell mate testified defendant stated that a previous shipment he received was "short." *Id.* at 1146. The issue on appeal was whether the prosecutor provided sufficient notice of the 404(b) evidence. *Id.* The Sixth Circuit noted the district court admitted the testimony

both under 404(b) and as evidence that was intrinsically related to the charged offense. *Id.* at 1149. The court concluded there was a direct connection between the charged offense and the prior "short" shipment because it was possible that the shipment for which defendant was charged was making up for the prior short shipment. *Id.* Because the evidence was properly admitted as intrinsically related, no notice was required under 404(b). *Id.*

Finally, in *Stafford*, defendant went to trial on two counts of kidnaping, two counts of transportation of a minor with intent to engage in criminal sexual activity and one count of conspiracy to kidnap. 198 F.3d at * 2. At trial, the government presented evidence, without objection, that defendant vandalized cemeteries, exposed himself to a woman at a party, talked in a high pitched voice on occasion and was abusive toward a former ex-girlfriend. *Id.* at * 3. On appeal, the Sixth Circuit reviewed the admission of the evidence for plain error, finding none occurred. *Id.* at * 4. The court conclude the majority of the contested evidence was intrinsic to the offenses for which defendant was convicted. *Id.* The court explained

> [Defendant's] defense at trial was that he believed his brother had permission to take the girls. In his statement to the police, [defendant] claimed that he thought the police might be after them because of their vandalism of cemeteries. Thus, this testimony was evidence of [defendant's] denial of intent to abduct the girls. Likewise, the testimony regarding [defendant's] indecent exposure was detailed by [the girls' father], who testified at length about [defendant and his brother's] relationship with his family. Similarly, [the girls' father] testified that [defendant] on occasion, had talked in a high pitched voice, which was probative with respect to the phone calls made to the girls' school. In addition, the testimony from [defendant's] former girlfriend that he was abusive was elicited in response to [defendant's] claim that he was weak and controlled by his brother.

*Id*. The court also found no notice of the evidence was required under 404(b) because no notice was requested by defendant. *Id.*

The decision to admit evidence under 404(b) is within a trial court's discretion. *United States v. Gonzalez*, __ F.3d __, 2007 WL 2437981 at * 6 (6th Cir. 2007). Rule 404(b) generally

prohibits admission of prior bad acts which negatively impact a defendant's character or show propensity to commit a crime. FED. R. EVID. 404(b); *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000). The evidence of prior bad acts may be admissible for other purposes when relevant to an issue in a case. *Hardy*, 228 F.3d at 750. *See* FED. R. EVID. 404(b). Before admitting evidence of prior bad acts, a court must perform a three-step analysis: (1) the party seeking to admit the 404(b) evidence must demonstrate the prior bad acts occurred; (2) the party must provide a specific purpose for which the evidence is offered; and (3) the trial court must determine whether the probative value of the identified purpose outweighs the risk of unfair prejudice. *Hardy*, 228 F.3d at 750. "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether the evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988).

Under the second step of the analysis, the government is required to "identify the *specific* purpose or purposes" for which it is offering the evidence of other crimes, wrongs or acts. (emphasis in original). *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). The trial court must then determine whether that specific purpose is "in issue" or material to the case. *Id.* at 1076-1077. The government must identify a purpose which the defendant has or could conceivably place in issue. *Id.* at 1076. In *Merriweather*, the prosecutor stated the prior acts evidence was admissible to show defendant's intent, plan, knowledge, identity or absence of mistake. *Id.* at 1075. The Sixth Circuit Court of Appeals found the district court erred in admitting the evidence because opportunity, preparation, plan, knowledge and absence of mistake were not at issue, although identity was. The Sixth Circuit Court then concluded the tape recorded conversation discussing the other crimes was substantially more prejudicial than probative on the issue of identity because there were a number of other ways for the Prosecutor

to establish Defendant's identity. *Id.* at 1077-1078. Similarly, the evidence should not have been admitted to establish intent even though the charged offense was a specific intent crime. *Id.* at 1078.

When requested by the accused, the prosecution must provide reasonable notice in advance of trial of the general nature of any evidence it intends to introduce at trial. FED. R. EVID. 404(b); *Gonzalez*, 2007 WL 2437981 at * 6. The government has provided reasonable notice to the defendant when it generally describes the nature of evidence it intends to present at least one week before trial. *United States v. King*, 230 F.3d 1361 (6th Cir. 2000) (unpublished table opinion). *See also United States v. Barnes*, 49 F.3d 1144, 1148 (6th Cir. 1995).

II. ANALYSIS

Identifying the elements of some of the charges against Defendant is helpful. The fifth and sixth charges relate to possession of sexually explicit images of a minor and possession of child pornography. The background evidence is generally less applicable to either of those charges. Defendant is not charged with child molestation or sexual assault.

Charges 1 and 2 (production of two videos) - sexual exploitation of a child (18 U.S.C. § 2251(a)). The prosecutor must establish (1) the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of the conduct and (2) the defendant knew or had reason to know the visual depiction would be transported in interstate commerce, or the visual depiction was actually transported in interstate commerce, or the visual depiction was produced using materials that were transported in interstate commerce.

Charges 3 and 4 (distribution of two videos) - activities relating to sexual exploitation of minors (18 U.S.C. § 2252(a)(2)). The prosecutor must establish (1) defendant knowingly

received or distributed a visual depiction, (2) the visual depiction was transported through interstate commerce, (3) the visual depiction was of a minor engaging in sexually explicit conduct and (4) defendant knew the performer in the visual depiction was a minor and knew that the visual depiction was a minor engaging in sexually explicit conduct.

   A.  Res Gestae Evidence.

   Portions of the proffered evidence are not appropriate background or res gestae material. Defendant argues the background evidence is unnecessary to establish any of the charged offenses.  Defendant explains that the Prosecutor's reasons for admitting the evidence are unrelated to the offenses charged.  The reasons offered do not implicate a defense to the charges. Specifically, Defendant argues the history of sexual abuse is irrelevant to any of the charges relating to making, possessing or distributing child pornography.

   Plaintiff counters that the evidence is necessary to put the crime in context for the trier of fact. Plaintiff argues the video depicts a victim who appears to be willing and sexually aggressive.  Plaintiff argues the person on the video is a product of the historical pattern of sexual abuse that began when the victim was six years old.  Plaintiff argues the video is a memento that could not be understood without having the background.  Plaintiff further argues the background evidence is directly related to establish that Defendant sent the video files to the undercover officers.

   In the context of the entirety of the evidence, the length of time that defendant had allegedly been assaulting his daughter is not "inextricably intertwined" with the charged offenses. The chat room email traffic includes admissible references by the defendant to the identity of the female as his daughter and her minor status.

Likewise, defendant's e-mail communications provide context and meaning to the explicit video.  The communications, except for description of the prolonged duration of the history (five years), shed light on the acts and events that matter as alleged in Counts 1-4 of the Indictment.  In the Court's judgment, the evidence is highly probative and is not substantially out-weighed by the danger of unfair prejudice Fed R. Evid 403.  Without this evidence, a "conceptual void" in the story would exist.  *United States v. Swiatek,* 819 F. 2d 721, 727 (6th Cir. 1987).  However, the 403 analysis shifts as to the 5 year duration of the tawdry history.  As to that fact, the danger of unfair prejudice does outweigh its probative value.  Accordingly, that limited portion of the chat room "conversation" will be stricken.

A trier of fact could understand that Defendant produced and distributed a video of his daughter engaging in sexually explicit conduct without knowing that he began sexually molesting her five years prior to when the video was made. Disclosing a five year history of sexual assault is not evidence of planning or of a conspiracy and is not necessary to establish a relationship between the defendant and the victim.  In addition, those portions of the chat room "conversation" are easily excisable from the body of the messages.

The Government also seeks to enter into evidence the defendant's admission during his statement that he had assaulted his daughter over 50 times.  This frequency of the sexual assaults does not address any element of the crimes charged, nor is the alleged fact of <u>multiple</u> assaults "inextricably intertwined" with the allegations in the indictment. Finally, even if relevant, that evidence does not survive a Rule 403 analysis. The probative value of the evidence is clearly outweighed by the danger of unfair prejudice to the defendant.  That portion of defendant's statement is easily excisable for presentation to the trier of fact.

B. 404(b) Evidence.

The evidence is 404(b) evidence, but it is not admissible. Defendant argues the history of sexual abuse is exactly the sort of propensity or conformity evidence excluded by 404(b). Defendant argues the evidence is substantially more prejudicial than probative.

Initially, the reason offered by Plaintiff to admit the other acts evidence was not specific and was not for a proper purpose. As required, Plaintiff identifies other reasons to admit the tapes in his response brief. Plaintiff argues evidence relating to Defendant's history of sexual abuse is admissible for proper purposes. Plaintiff argues some of the evidence would be used to identify Defendant. Plaintiff argues the government must establish that Defendant sent the images. In particular, Plaintiff points to chats Defendant had with the Canadian police officers in which he disclosed prior assaults on his daughter as a means of establishing Plaintiff's identity. At the very least, there are a number of other ways for the Prosecutor to identify Defendant as the person who created and distributed the videos without discussing the 5 year history. See *U.S. v. Brown,* 147 F. 3d 477, 483 (6th Cir. 1998). Secondly, even if this is a proper purpose, the substantial risk of prejudice outweighs the probative value of those portions of the on-line chat relating the number of years that he has been assaulting his daughter.

Plaintiff further argues portions of Defendant's confession are admissible because he establishes his motive for creating the videotapes. Plaintiff argues Defendant admitted he wanted the video because he knew the situation would not last forever and wanted to have a lasting memory. Motive is one of the legitimate purposes for which evidence may be admitted under 404(b). However, unless motive is at issue, this is not a proper purpose for admitting the tapes. Why Defendant made the videos and distributed them is not an essential element of the charged offenses. Defendant has not indicated he intends to raise motive as an issue.

Accordingly, the asserted 404 (b) evidence is not admissible to show motive given its immateriality to the case. *U.S. v. Jobson*, 102 F 3d 214, 220 (6th Cir. 1996).

Plaintiff has only identified motive and identity as the specific purposes for admitting evidence of prior bad acts. At best, Plaintiff would be entitled to introduce the text of the on-line chat or the portion of the taped confession where Defendant discusses his motive for making the video tapes. Plaintiff has other avenues of identifying Defendant without introducing substantially prejudicial evidence.

III. CONCLUSION

Defendant's Objection to Government's Proposed Res Gestae Evidence should be **GRANTED in part.** Defendant is not charged with sexually assaulting his daughter. Defendant is charged with six counts relating to making, distributing and possessing visual images depicting a minor engaged in sexually explicit conduct. The evidence Plaintiff wants to introduce, Defendant's statements that he has been sexually assaulting his daughter for more than 5 years and had assaulted her fifty times, is not res gestae evidence and is properly excluded under 404(b). Accordingly, those portions of the on-line chat and defendant's statement to police are excluded. All other parts of the chat conversation and defendant's statement are admissible.

Date:   November 7, 2007                                  /s/ Paul L. Maloney
                                                          PAUL L. MALONEY
                                                          United States District Judge